## Yanos Estate

*Robert Miller*, for objectants.
*Henry M. Koch*, contra.

WESNER, *J.*, June 7, 1979—This controversy centers upon two creditors of the now insolvent

trust fund of decedent, Mathias Yanos. Marianna Yanos, mother of decedent, initiated a trust fund for his benefit by the terms of her will dated April 24, 1954. The trustee, American Bank and Trust Company of Pennsylvania, successor to Mt. Penn Trust Company, provided for the costs of maintaining decedent at the Berks Institution District until his death on December 1, 1978, pursuant to the terms of the testamentary trust.

The sum of $4,619.60 is now available for distribution from the trust fund. This sum is substantially below the amount necessary to make all creditors whole. Decedent left no personal estate. The position of the trustee of the fund is that the trust instrument envisioned payment of the funeral expenses. The pertinent provisions of the will establishing the trust fund read as follows:

"ITEM 2. All the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever nature and wheresoever situate, which I may own at the time of my decease, I give, devise and bequeath to Mt. Penn Trust Company, of Mt. Penn, Berks County, Pennsylvania, IN TRUST, for the following uses and purposes:

"A. To pay the net income from the said trust estate in quarterly installments unto the person or persons with whom my son, Mathias Yanos, has resided during the said period when the income was earned; said payments of the net income by the Trustee shall be in lieu of any board or maintenance to be paid by my son, Mathias Yanos; and said payments shall continue for and during the term of my said son's natural life.

"B. My Trustee is authorized to pay over or apply at any time or from time to time during the life of this trust such part of the principal of this trust fund

as my Trustee may, in its absolute discretion, determine necessary for the care and maintenance of my son, Mathias Yanos, in a privately operated and endowed hospital.

"C. Upon the death of my son, Mathias Yanos, the said trust estate shall terminate and be distributed as follows:

"One-fourth (1/4) portion to my son, Joseph Yanos, or his issue, absolutely.

"One-fourth (1/4) portion to my daughter, Mary K. Brown, or her issue, absolutely.

"One-fourth (1/4) portion to my daughter, Marian Haas, or her issue, absolutely.

"One-fourth (1/4) portion to my daughter, Lena K. Eyrich, or her issue, absolutely.

"D. It is understood and agreed that the principal or income or any part thereof payable to any of the beneficiaries hereunder shall be free and clear of their debts, contracts, engagements, alienations and sequestrations."

• • •

## ISSUE

Does the trust fund established by the will of Marianna Yanos contemplate payment for funeral expenses of decedent/life beneficiary?

## DISCUSSION

There are several Pennsylvania cases which touch on the question of whether funeral expenses can be inferred from a trust established for care and maintenance of the life beneficiary (here the decedent). Since there was no expressed intention to pay funeral expenses in the language of the instrument, we must decide whether an inference of funeral expenses can be made.

The Supreme Court of Pennsylvania in Richey's Estate, 251 Pa. 324, 96 Atl. 748 (1916), rejected funeral expenses out of hand since they were not specifically delineated in the will setting up the trust. In the case of Swinson Estate, 167 Pa. Superior Ct. 293, 74 A. 2d 485 (1950), the language of the trust instrument read in part as follows: "'and also, in its discretion, . . . as much of the principal fund as in its opinion may be necessary for the *care and maintenance*, including medical and hospital treatment, of my aunt, Carrie Carr, for and during her natural life, and upon her death . . .'" (Emphasis supplied.) 167 Pa. Superior Ct. 295.

The Superior Court per then President Judge Rhodes distinguished the Swinson case from Richey's Estate on the basis that the Swinson trust instrument called for the "care and maintenance" rather than the "maintenance and support" of the life beneficiary. In addition, the court noted that the life beneficiary was the closest relative of the testator/settlor and one of the principal objects of his bounty. The remainderman was an incorporated charity. The court in allowing the payment of funeral expenses stated: "The express mention and inclusion of medical and hospital expenses as 'care and maintenance' does not have the effect of excluding funeral expenses from the general category of care and maintenance. Nor does the phrase 'for and during her natural life' necessarily exclude an intention to pay the funeral expenses of the beneficiary. A construction of the will as a whole shows a clear solicitude for the testator's aunt; this must be given effect over a narrow or legalistic interpretation of these particular phrases." 167 Pa. Superior Ct. at 297.

The Richey's Estate precedent was followed by

the case of James' Estate, 80 Montg. 43 (1961). In James, the solvent estate was surcharged for the reasonable funeral expenses rather than the trust for the life beneficiary's support and maintenance. Judge Taxis chose to follow the Richey precedent indicating that none of the extenuating circumstances of Swinson's Estate were present in James. Moreover, the court indicated that a solvent estate should pay funeral expenses rather than an individual who makes arrangements under severe pressures of time.

The case of Frank Estate, 72 D. & C. 2d 261 (1976), discussed all of the relevant Pennsylvania precedents and concluded that the trust fund should be surcharged for the funeral expenses. The court found that the income beneficiary lacked sufficient funds in her personal estate to pay funeral expenses. Therefore, the trust was to be surcharged; the charitable remainderman agreed but the Commonwealth as parens patriae opposed the payment. The court per Judge Gutowicz stated at the outset:

"A common oversight in the drafting of wills is the failure of the testator to provide for the funeral expenses of a life tenant. Therefore, if a testator intends that funeral expenses of a life tenant be paid, any language sufficiently clear to manifest the intent is sufficient, for the court will give effect to a testator's expressed intent with reference to the payment of a life tenant's funeral expense: Persun v. Decker, 6 Fiduc. Rep. 313 (1956)." 72 D. & C. 2d at 263.

The language of the trust instrument directed payment for the "support and maintenance" of the incompetent life beneficiary. The court also noted

that the life beneficiary was the daughter of the testatrix and the only one capable of consuming principal.

Applying the relevant case material to the instant case, this court is forced to conclude that Marianna Yanos' testamentary trust did not envision the payment of funeral expenses. The trust instrument must be carefully examined to determine the testatrix/settlor's intention. In item 2, subsection A of testatrix's will, net income from the trust is directed to go to the person with whom the life beneficiary resides in lieu of any board or maintenance for his natural life. Subsection B directs that the principal could be used—at the trustee's discretion— for the " . . . care and maintenance of my son, Mathias Yanos, in a privately operated and endowed hospital." The intention of the testatrix appears to have been to provide the life beneficiary room and board and, in the event of illness, to consume principal to pay his medical bills. The language of the instrument did not expressly provide for funeral expenses. It cannot be inferred from the trust instrument that Mrs. Yanos intended funeral expenses. There was a close family relationship between the testatrix and decedent and he was one of the principal objects of her bounty. However, decedent was only to consume principal for " . . . care and maintenance in a privately operated and endowed hospital." Any remaining principal was to be divided among the surviving children in quarterly shares upon the death of Mathias Yanos.

Policy considerations which may have been significant in earlier case law are inapplicable to the instant case. Both the estate of Mathias Yanos and the trust his mother established for his benefit are insolvent. Even if the trustee's proposed schedule

of distribution is confirmed, neither Community General Hospital nor Christ Funeral Home will be completely compensated.*

## CONCLUSIONS OF LAW

1. The expressed language of the testamentary trust did not provide for funeral expenses.

2. An obligation to pay funeral expenses cannot be implied from the language of this trust instrument.

3. The statute, 20 Pa.C.S.A. §5537, reserve for funeral, is inapplicable to the instant case because the life beneficiary/decedent had not been adjudicated an incompetent nor had any authorization been given to retain assets for anticipated funeral expenses.

## ORDER

And now, June 7, 1979, after consideration of the objections to the proposed schedule of distribution, the following alterations are made: Christ Funeral Home, no distribution; and, Community General

---

*The trustee has suggested the applicability of 20 Pa.C.S.A. §5537, reserve for funeral. This statute reads in pertinent part as follows: "(a) In General.—The court may authorize the guardian to retain such assets not exceeding $600 in value as are deemed appropriate for the anticipated expense of the incompetent's funeral, including the cost of a burial lot or other resting place, which shall be exempt from all claims including claims of the Commonwealth. . . . " This statute is inapplicable to the instant case. Initially, Mathias Yanos was never declared an incompetent by this court. In addition, the trustee never approached the court for authorization to retain funds for funeral expenses. Informal arrangements between the trustee and the Berks County Institution District are irrelevant.

Hospital, $4,022.60. The remainder of the proposed schedule of distribution remains unchanged.

This decree nisi shall become absolute in the absence of exceptions filed within ten days after the filing of this adjudication.